IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-22977-RUIZ

HONG KONG LEYUZHEN TECHNOLOGY
CO. LIMITED,

        Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A" HERETO,

        Defendants.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Hong Kong Leyuzhen Technology Co. Limited ("Plaintiff"), pursuant to 17 U.S.C. § 502, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C § 1651(a), respectfully moves for entry of a preliminary injunction order (the "Motion") against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations (the "Defendants") identified on Schedule "A" to the Complaint (Dkt. No. 1-1), which enjoins the manufacture, importation, distribution, offering for sale, and sale of competing products in connection with and through the unauthorized use and display of the Plaintiff's federally-registered, copyright-protected photographs.

Plaintiff's Motion is made based on the pleadings on file in this action, Plaintiff's Motion for Temporary Restraining Order, Including a Temporary Asset Restraint [Dkt. No. 13] and the Declarations attached thereto, this Motion, and the Declaration of Emily Heim (the "Heim Decl.").

## I.  INTRODUCTION

Plaintiff brought this action against the Defendants for federal copyright infringement (Count I) for U.S. Copyright Registrations Nos. VA0002379911, VA0002380491, VA0002382152, VA0002381842, and VA0002384827 (the "Rotita Copyrights") and violation of Florida Deceptive and Unfair Trade Practices Act (Count II). [Dkt. No. 1] As the Complaint alleges, the Defendants promote, advertise, market, distribute, offer for sale, and sell competing products in connection with and through the use and display of Plaintiff's federally registered copyrights ("Infringing Photographs"), on their online storefronts (the "Online Stores") identified on Schedule "A" which are maintained on the Amazon sales platform (the "Online Platform").

Each Defendant's ongoing unlawful activities should continue to be restrained. Plaintiff respectfully requests that this Court issue preliminary injunction order (1) restraining each Defendant's continued manufacture, importation, distribution, offering for sale, and sale of Infringing Products and (2) restraining each Defendant's assets to preserve Plaintiff's right to an equitable accounting.

Plaintiff's well-pled factual allegations, which must be accepted as true, and evidence submitted through declarations submitted in support with the Motion for Temporary Restraining Order [Dkt. Nos. 8, 13], establish that issuing a preliminary injunction order against Defendants is necessary and proper. Plaintiff has already demonstrated a strong likelihood of success on the merits. Plaintiff is the owner of its valid federally registered copyrights and the distributor of genuine Rotita brand products ("Rotita Products"), and each Defendant's use of the Infringing Photographs to sell competing products deceives members of the public who seek to purchase genuine Rotita Products. The issuance of a preliminary injunction order is also in the public interest because it will prevent confusion among the public and prevent unknowing consumers from being

deceived into purchasing products of unknown quality from an unknown source based on the use of the Infringing Photographs.

### a. Procedural History

On July 30, 2025, this Court granted Plaintiff's request for a temporary restraining order ("TRO") on an *ex parte* basis. [Dkt. No. 15]. On July 22, 2025, the Court also authorized and directed Plaintiff to provide notice of these proceedings and this motion for preliminary injunction to the Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website, together with effectuating electronic service by email transmission to any addresses provided for the Defendants by third party online platforms. [Dkt. Nos. 11, 15]. On August 7, 2025, Amazon produced the Defendants' email addresses. (Heim Decl. ¶ 5.) Plaintiff effectuated electronic service of process on the Defendants on August 7, 2025. (*Id.* ¶ 6.)

Based on the foregoing procedural history, including having effectuated electronic service of process to the Defendants as required by the Order Granting Motion for Alternate Service of Process by E-mail and/or Electronic Service [Dkt. No. 11], Plaintiff respectfully requests the Court now enter a Preliminary Injunction in this matter. Plaintiff further requests the Court issue a Minute Order setting a deadline for the Defendants to submit any oppositions to the Motion prior to conducting a scheduled hearing. Plaintiff will immediately serve the Defendants electronically with the requested Minute Order once it is issued by the Court. Substantively, as stated earlier, and as argued below, Plaintiff's request for issuance of a preliminary injunction is in full compliance with the applicable standards for granting such relief.

## II. ARGUMENT

### a. This Court has already found that the requirements for a preliminary injunction have been met.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further illegal conduct by Defendants. Plaintiff asserts that no circumstances have changed since Plaintiff had previously requested relief in the form of a Temporary Restraining Order. As such, Plaintiff is unaware of any new information that would affect the Court's original analysis.

The requirements for issuing a preliminary injunction are the same as those for entering a TRO, namely, "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Yeti Coolers, LLC v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 2024 U.S. Dist. LEXIS 240407, at *4 (S.D. Fla. November 18, 2024) (citing *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). As this Court has already entered a TRO on July 30, 2025, it has previously been found that the above requirements have been met. Therefore, the requirements for entry of a preliminary injunction extending the TRO have also been satisfied and Plaintiff's request should be granted.

"The determination of whether there is a substantial likelihood of success on the merits 'does not contemplate a finding of fixed quantitative value. Rather, a sliding scale can be employed, balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits.'" *Faculty S. of Fla. Int'l Univ. v. Winn*, 477 F. Supp. 2d 1198, 1203 (S.D. Fla. 2007) (citing *Fla. Med. Ass'n, Inc. v. U.S. Dept. of Health, Educ., & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979)). For example, where "the balance

of equities weighs heavily in favor of granting the [injunction]," the movant[s] need only show a substantial case on the merits." *Gonzalez v. Reno*, 2000 U.S. App. LEXIS 7025, 2000 WL 381901, at *1 (11th Cir. 2000).

As established by the evidence in the Declarations of William Brees [Dkt. No. 8-1] and Liangjie Li [Dkt. Nos. 8-5, 13-2] with the submission of the Motion for TRO [Dkt. Nos. 8, 13], and by this Court's entry of the TRO [Dkt. No. 15], the above requirements for entry of a preliminary injunction have been satisfied. The record establishes that through the Defendants' illegal operations the Defendants have infringed upon Plaintiff's federally registered Rotita Copyrights. Thus, Plaintiff is entitled to preliminary injunctive relief.

### b. The current bond is sufficient to protect the Defendants' interests.

The Court has previously required Plaintiff to post a bond in the sum of $5,000.00 in connection with issuance of the TRO. The exact same circumstances, if not more, supporting the Court's determination of this bond amount apply to Plaintiff's request for entry of a Preliminary Injunction. Such a strong showing militates against a subsequent finding that injunctive relief was improperly granted. Accordingly, Plaintiff requests the Court maintain the current bond amount required for issuance of the TRO for issuance of the preliminary injunction.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter a Preliminary Injunction. If required, a minute order setting a deadline for Defendants to oppose the Motion, which Plaintiff will immediately serve Defendants with the Minute Order if issued by the Court. If a hearing on the Preliminary Injunction Motion cannot be heard prior to the current expiration of the TRO, Plaintiff requests a fourteen (14) day extension of the TRO or until there is a ruling on the Preliminary Injunction Motion.

Plaintiff additionally respectfully requests the Court maintain the current bond amount required under the TRO, together with issuing any other relief that it deems just and proper.

Dated: August 12, 2025

Respectfully Submitted,

By: */s/ William R. Brees*
William R. Brees (Bar No. 98886)
william@bayramoglu-legal.com
Emily M. Heim (Bar No. 1015867
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs, Suite 100
Henderson, NV 89014
Telephone: (702) 462-5973

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses identified by the Platform, Amazon, for Defendants, including a link to said website.

Respectfully Submitted,

By: */s/ William R. Brees*
William R. Brees (Bar No. 98886)
william@bayramoglu-legal.com
Emily M. Heim (Bar No. 1015867
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs, Suite 100
Henderson, NV 89014
Telephone: (702) 462-5973

*Attorneys for Plaintiff*